DAVID A. ROSENFELD, Bar No. 058163
LESLIE V. FREEMAN, Bar No. 268099
SARAH WRIGHT-SCHREIBERG, Bar No. 266342
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone: (510) 337-1001
Fax: (510) 337-1023
E-Mail: courtnotices@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA DISTRICT OF CALIFORNIA

THOMAS SCHIFFLER, JEFFREY MILLER, CHRISTOPHER NAVARRO, and FRANK J. MELO,

Plaintiffs,

v.

COUNTY OF MERCED; MERCED COUNTY SHERIFF'S DEPARTMENT; MARK N. PAZIN, individually and in his official capacity; RICCI THORESON, individually and in his official capacity; JOE SCOTT, individually and in his official capacity; JAMES BUTTREY, individually and in his official capacity; B.J. JONES, individually and in his official capacity; and DOES 1-10,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF**

[42 U.S.C. § 1983]

Demand for Jury Trial

## I. PREFATORY

1. This is an action for damages and injunctive relief for personal injury suffered by Plaintiffs Thomas Schiffler ("Schiffler"), Jeffrey Miller ("Miller"), Christopher Navarro ("Navarro"), and Frank J. Melo ("Melo") as a result of wrongful retaliation for the lawful exercise of individual civil rights and liberties of free expression and participation in union activities.

2. The County of Merced, the Merced County Sheriff's Department, Sheriff Mark Pazin, and Defendant employees of the County have engaged in a years-long pattern and practice of harassment and retaliation against Plaintiffs in violation of their rights to free speech and to petition their government for redress of grievances, as guaranteed by the First Amendment to the United States Constitution and by Article I, Sections 2 and 3 of the California Constitution.

3. Plaintiffs seek to exercise their rights of speech and association to engage in Union related activities without being subjected to Defendants' practices of discrimination, intimidation, and retaliation. Specifically, Plaintiffs desire to be able to join together, participate in and promote the activities of their Union including, but not limited to, formal and informal discussions, meetings, filing complaints, and advocating for redress for such complaints.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that Plaintiffs seek redress for deprivations made under color of State law of rights, privileges, and immunities secured by the United States Constitution; under 29 U.S.C. § 1367, in that Plaintiffs have claims under state law that are so related to the claims under federal law, as set forth herein, that they form part of the same case or controversy; under 28 U.S.C. § 1343(a)(4), in that Plaintiffs seek damages and equitable relief under 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights; under 42 U.S.C. § 1988(b) for an award of attorneys' fees; and under 28 U.S.C. § 2201(a) to secure declaratory relief.

5. Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b), because the events giving rise to the claims described in this Complaint occurred within Merced County, California.

## III. PARTIES

6. Plaintiff Schiffler, an individual, was a citizen and resident of the State of California and of the Eastern District of California at all relevant times. At all relevant times, Plaintiff Schiffler was employed by Defendants County of Merced and Merced County Sheriff

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No.

Mark Pazin as a Security Systems Operator, having held that position for nine years prior to his termination from employment on July 31, 2011. At all relevant times, Plaintiff Schiffler was an active and outspoken member of the Merced County Sheriff's Employees Association (hereafter “MCSEA” or “Union”), including having served as a MCSEA Board Member between January 2009 and his termination.

7. Plaintiff Miller, an individual, was a citizen and resident of the State of California and of the Eastern District of California at all relevant times. At all relevant times, Plaintiff Miller has been employed by Defendants County of Merced and Merced County Sheriff Mark Pazin as a Correctional Officer, a position he has held for twenty-seven years and continues to hold. At all relevant times, Plaintiff Miller has been an active and outspoken member of the Union and has been the official Spokesperson for the Union.

8. Plaintiff Navarro, an individual, was a citizen and resident of the State of California and of the Eastern District of California at all relevant times. At all relevant times, Plaintiff Navarro has been employed by Defendants County of Merced and Merced County Sheriff Mark Pazin as a Correctional Officer, a position he has held for thirteen years and continues to hold. Plaintiff Navarro has been an active and outspoken member of the Union at all relevant times. Navarro began actively assisting the MCSEA President during the latter part of 2009 and has held the position of MCSEA President since 2010.

9. Plaintiff Melo, an individual, was a citizen and resident of the State of California and of the Eastern District of California at all relevant times. At all relevant times, Plaintiff Melo has been employed by Defendants County of Merced and Merced County Sheriff Mark Pazin as a Correctional Officer, a position he has held for twenty-one years and continues to hold. Plaintiff Melo has been an active and outspoken member of the Union at all relevant times and held the position of MCSEA President during 2009.

10. Defendant County of Merced (hereinafter "County"), a California County within this judicial district, is a public entity, a municipal corporation, and a political subdivision organized and existing under and by virtue of the laws of the State of California.

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11.     Defendant Merced County Sheriff's Department ("Department") is a department of the County. At all relevant times and for all purposes connected with the management of employment relations within the Department, Defendant County delegated its final policy- and decision-making authority to the Department.

12.     Defendant County adopted and ratified each of the policies, customs, practices, decisions and actions of the Sheriff's Department alleged herein as its own, as if the same had been adopted, accomplished, or effected by the County directly.

13.     At all relevant times, Defendant Mark Pazin was Merced County Sheriff, acting as the head of the Sheriff's Department and the chief law enforcement officer for the County. In that capacity, Defendant Pazin has had ultimate responsibility for the training and supervision of all Commanders in the Sheriff's Department. Defendant Pazin is named both individually and in his official capacity.

14.     At all relevant times, Defendant Ricci Thoreson ("Thoreson") was a duly appointed law enforcement officer employed by the County at the rank of Commander within the Merced County Sheriff's Department. As Commander, he reported to and was supervised by the Sheriff, Defendant Pazin.

15.     At all relevant times, Defendant Joe Scott ("Scott") was a duly appointed law enforcement officer employed by the County at the rank of Commander within the Merced County Sheriff's Department. As Commander, he reported to and was supervised by the Sheriff, Defendant Pazin.

16.     At all relevant times, Defendant James Buttrey ("Buttrey") was a duly appointed law enforcement officer employed by the County at the rank of Commander within the Merced County Sheriff's Department. As Commander, he reported to and was supervised by the Sheriff, Defendant Pazin.

17.     At all relevant times, Defendant B.J. Jones ("Jones") was a duly appointed law enforcement officer employed by the County at the rank of Commander within the Merced County Sheriff's Department. As Commander, he reported to and was supervised by the Sheriff, Defendant Pazin.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

18. Defendant Does 1 through 10 are not known or identified at this time. On information and belief, Plaintiffs allege that each Doe is in some manner responsible for the wrongs alleged herein and that each such defendant advised, encouraged, participated in, ratified, directed, or conspired to commit the wrongful acts alleged herein. When the true names and capacities of Does 1 through 10 become known, Plaintiffs will seek leave to amend this complaint to show their true identities in place of their fictitious names.

19. At all relevant times, Defendants, and each of them, were the agents, employees, and servants of every other defendant and were acting in the course and scope of said agency, employment, and service.

## IV. FACTS

### A. PLAINTIFFS' PROTECTED ACTIVITY

20. At all relevant times, Plaintiffs Schiffler, Miller, Navarro, and Melo have been active and outspoken members, leaders, and/or officers of MCSEA, variously holding the positions of President, Shop Steward, Board Member, and MCSEA spokesman.

21. In January of 2009, the Merced County Sheriff's Employees Association elected Frank Melo as President and also elected a new Executive Board that included Plaintiff Schiffler. Under this new leadership, the Union began to more proactively invoke and exercise rights protected under the Meyers-Milias-Brown Act ("MMBA"), a California law governing labor-management relations in the context of public employment.

22. The Union and each of the Plaintiffs embarked on an active course of conduct designed to improve the work environment and culture in the Sheriff's Department. This new approach included changing the rule under which command staff previously attended MCSEA Board meetings as desired, such that command staff would now require an invitation to attend. The Union also began openly investigating the possibility of affiliating with the Teamsters with the aim of improving and intensifying their advocacy on behalf of the membership. MCSEA decided to affiliate with the International Brotherhood of Teamsters, Local 856 (hereinafter "Local 856") as of October 26, 2009.

23. In addition to the foregoing, each Plaintiff engaged in further protected activity.

**Plaintiff Melo**

24. In January 2009, Frank Melo was elected President of MCSEA, taking office alongside various new Board Members, including Plaintiff Schiffler and Plaintiff Navarro.

25. Plaintiff Melo took an active role in advocating for the rights of the MCSEA membership, including participating in meetings with the Executive Board and Union counsel. As President, he was identified as a Union leader by both the membership and Defendants.

26. During the summer of 2009, MCSEA discovered that various actions recently taken by Defendants likely violated various provisions of state and local law, as well as the MCSEA contract. On or about August 10, 2009, as part of its reinvigorated campaign to improve working conditions for its membership, MCSEA, through its President (Plaintiff Melo) and Executive Board, authorized counsel to send a letter through counsel to Defendant Pazin, wherein the Union set forth the above-described violations and demanded that Pazin and the County take appropriate corrective action.

27. On or about September 9, 2009, Plaintiff Melo sent a letter to Correctional Officer Megan Burk, a MCSEA member, that she was no longer a member in good standing. In mid-August 2009, Officer Burk, whose close familial ties to Defendant Thoreson were known throughout the Department, had circulated a petition criticizing the Union's August 10 letter and expressing support for the Sheriff. On or about August 28, Officer Burk presented the petition to the Union and demanded that the Union retract its August 10 letter, or else she would present the petition to the Sheriff. In revoking her membership, Plaintiff Melo explained that the Union considered these actions to be subversive of and calculated to undermine the Union's purposes and objectives.

28. On June 6 and 7, 2011, Plaintiff Melo testified for the Union at a California Public Employee Relations Board hearing on two outstanding complaints based on unfair labor practice charges filed by the Union against the County.

///

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

**Plaintiff Navarro**

29. In January 2009, Chris Navarro was elected to the MCSEA Executive Board as part of the Union's new, more active leadership. As a Board Member, he was identified as a Union leader by both the membership and Defendants.

30. In September 2009, Plaintiff Navarro, who had already assumed a great deal of responsibility and leadership in Union activities as a Board Member, took on the duties of President while Plaintiff Melo was on leave after being interrogated by Command staff. Once Melo returned, Plaintiff Navarro continued to assume or share many of Melo's duties and responsibilities as President, including representing MCSEA members in its employment relations with Defendants. Plaintiff Navarro officially took over as President of MCSEA effective January 1, 2010.

31. As President, Plaintiff Navarro supported and participated in the preparation of two unfair labor practice charges against the County, which the Union filed with PERB in December 2009 and December 2010.

32. Early in 2011, Plaintiff Navarro, then MCSEA President, obtained from the Merced County Clerk's office the necessary paperwork to initiate a recall of Sheriff Pazin.

**Plaintiff Schiffler**

33. At all relevant times, Tom Schiffler has been an MCSEA member and outspoken union advocate.

34. In December 2008, Plaintiff Schiffler, together with Plaintiff Miller, filed a complaint with the California Fair Political Practices Commission ("FPPC") alleging improprieties by County Administrative Officer ("CAO") Dee Tatum, triggering an FFPC investigation into the complaint.

35. In January 2009, Plaintiff Schiffler was elected to the MCSEA Executive Board as part of the Union's new, more active leadership. As a Board Member, he was identified as a Union leader by both the membership and Defendants.

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

36. On or about May 14, 2009, Plaintiff Schiffler, along with Plaintiff Miller, alleged further improprieties by CAO Tatum in a complaint filed with the Merced County Grand Jury against the County and the County's Director of Development Services.

37. As a Board Member, Plaintiff Schiffler participated in the Union's decision to revoke Officer Burk's membership in September 2009.

38. The Union represented Plaintiff Schiffler in a California Public Employee Relations Board (PERB) unfair practice charge brought by the Union against the County on December 3, 2009. Therein, the Union alleged the County discriminated and retaliated against Plaintiffs Miller and Schiffler by instituting groundless—and, by then, still ongoing—IA investigations against them in November 2009. Plaintiff Schiffler participated in the preparation of the charge. PERB issued a complaint adopting the bulk of the Union's allegations on October 5, 2010.

39. In his January 2010 IA interview, Plaintiff Schiffler complained to the interviewing Sergeants, Sergeant Dan Bobrowski and Sergeant Rick Blodgett, that Officer Burk had used the term "Nazis" and other vulgarities to refer to him and the Union leadership.

40. Plaintiff Schiffler was named in a March 29, 2010 letter from Union counsel to Sheriff Pazin requesting transcripts and recordings from the IA investigation into Plaintiffs Schiffler and Miller that had been commenced in November 2009. On March 12, the Merced County Undersheriff had determined that none of allegations against them were sustained, and Plaintiffs and the Union believed the investigation had been retaliatory from the start.

41. On or about July 6, 2010, Plaintiffs Schiffler and Miller reviewed a copy of the IA investigation transcripts, which the County had provided to Union counsel after multiple requests. Together, they identified numerous misstatements and false statements attributed to various witnesses, including Officer Burk, and discussed them with Sergeant Bobrowski.

42. On or about July 14, 2010, Plaintiff Schiffler filed a California Department of Fair Employment and Housing complaint against the Sheriff's Department for failure to prevent discrimination or retaliation, stemming from the Department's lack of response to his complaints about Officer Burk referring to him and other Union members as "Nazis."

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

43. On September 28, 2010, November 15, 2010 and again on December 6, 2010, MCSEA sent a letters through counsel to Defendant Pazin, asserting numerous violations of Plaintiff Miller's and Plaintiff Schiffler's constitutional and statutory rights and requesting a response. The County never provided a substantive response to the allegations.

44. The Union represented Plaintiff Schiffler in a second unfair labor practice charge filed with PERB on November 19, 2010 and subsequently amended on December 14, 2010, which alleged unlawful intimidation, coercion, and retaliation by the County against Miller and Schiffler for obtaining and reviewing the IA reports. PERB issued a complaint based on the amended unfair labor practice charge on January 3, 2011.

45. On June 6 and 7, 2011, PERB held a joint two-day evidentiary hearing of the two outstanding unfair labor practice complaints. Plaintiff Schiffler participated in the Union's preparation of the case and testified at hearing. As of the date of this filing, PERB's decision is still pending.

**Plaintiff Miller**

46. At all relevant times, Plaintiff Miller has been the official Spokesperson for the Union and has been identified as a Union leader by both the membership and Defendants at all relevant times.

47. In December 2008, Plaintiff Miller joined together with Plaintiff Schiffler to file an FFCP complaint alleging improprieties by CAO Dee Tatum, which triggered an FFPC investigation into the complaint.

48. On or about May 14, 2009, Plaintiff Miller joined Plaintiff Schiffler in alleging further improprieties by CAO Tatum in a complaint filed with the Merced County Grand Jury against the County and the County's Director of Development Services.

49. In late June or early July 2009, Defendant Thoreson told Plaintiff Miller that Tatum was upset by the FFPC investigation, had complained to Sheriff Pazin, and was "giving the Sheriff's Department a lot of flak" about it. Plaintiff Miller defended his and Plaintiff Schiffler's complaints, stating to Defendant Thoreson that County administrators should be accountable to the public.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

50. Plaintiff Miller participated in formulating the Union's August 10, 2009 letter to the Sheriff, having brought many of the issues described in the letter to the Union's attention during a Union meeting.

51. The Union represented Plaintiff Miller in the December 3, 2009 PERB charge alleging the County discriminated and retaliated against him and Plaintiff Schiffler by initiating baseless IA investigations against them in November 2009. Miller participated in the preparation of the charge.

52. In his January 2010 IA interview, Plaintiff Miller complained to the interviewing Sergeants that Officer Burk had used the term "Nazis" and other vulgarities to refer to him and the Union leadership.

53. Plaintiff Miller was named in the March 29, 2010 letter from Union counsel to Sheriff Pazin requesting transcripts and recordings from the IA investigation into Plaintiffs Schiffler and Miller that had been commenced in November 2009.

54. On or about July 6, 2010, Plaintiffs Miller and Schiffler reviewed a copy of the IA investigation transcripts together and identified numerous misstatements and false statements attributed to various witnesses, including Officer Burk. After reviewing the transcripts, Miller and Schiffler discussed the investigation with Sergeant Bobrowski, one of the investigating Sergeants.

55. On September 28, November 15, and December 6, 2010, MCSEA sent a letters through counsel to Defendant Pazin, asserting numerous violations of Plaintiff Miller's and Plaintiff Schiffler's constitutional and statutory rights and requesting a response. The County never provided a substantive response.

56. Plaintiff Miller was also named in a second PERB charge filed by the Union on December 14, 2010, which alleged unlawful intimidation, coercion, and retaliation by the County against Miller and Schiffler for obtaining and reviewing the IA reports. (The charge was an amended version of a charge initially filed on November 19, 2010.) PERB would ultimately issue a complaint based on MCSEA's amended charge on January 3, 2011.

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

57. On June 6 and 7, 2011, PERB held a joint hearing of the two outstanding complaints. Plaintiff Miller participated in the Union's preparation of the case and provided testimony at hearing.

**B. DEFENDANTS' RETALIATORY ACTIONS AND CONDUCT**

58. At all relevant times, Defendants have engaged in a course of retaliation against Plaintiffs, including threats and harassment. Defendants' retaliatory acts include, but are not limited to, the following:

59. In late June or early July 2009, Defendant Thoreson approached Plaintiff Miller about the complaints Plaintiffs Miller and Schiffler brought against County Administrative Officer Dee Tatum. Defendant Thoreson stated that CAO Tatum was upset about the ongoing FPPC investigation and was "giving the Sheriff's Department a lot of flak." Defendant Thoreson threatened that, unless Plaintiffs Miller and Schiffler agreed to drop their complaints, the matter would end up causing Miller and Schiffler "a lot of grief."

60. On August 18, 2009, just eight days after the Union's August 10 letter of complaint to Sheriff Pavin, Defendants Thoreson and Scott summoned Plaintiff Melo, then President of MCSEA, into Defendant Scott's office. The two Commanders informed Plaintiff Melo that Defendant Pavin was displeased by the Union's letter and proceeded to interrogate Melo regarding its contents. Defendant Thoreson demanded to know who brought the complaints to the Union and why. Plaintiff Melo informed the Commanders that the issues had been raised in a meeting of the MCSEA Board where the Union's attorney was also present. Despite being informed that he was seeking both confidential union business and privileged attorney-client communications, Defendant Thoreson *ordered* Melo to divulge the information, thereby invoking the penalty of termination for failure to comply. Understanding that his job was at stake, Plaintiff Melo reluctantly disclosed that it had been Plaintiff Miller who spoke up.

61. During August of 2009, Defendant Scott threatened—in the presence of Brian Shambaugh, a Correctional Officer and MCSEA member—to retaliate against the MCSEA membership if the Union failed to retract the August 10 letter. Defendant Scott stated to Sergeant Dan Bobrowski that he had just spoken with Sheriff Pazin about the letter and that, unless the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Union retracted, either he or Pazin would transfer all Correctional Officers "to the jail" and "start taking things" from Corrections employees. Among the "things" to be taken away, Defendant Scott described work historically performed and enjoyed by MCSEA-represented Corrections employees.

62. In late September 2009, only a couple of weeks after Plaintiff Navarro's assumption of Presidential duties and activities and the Union's revocation of Officer's Burk's membership, Defendant Thoreson revoked Navarro's Officer in Charge status.

63. On or about November 13, 2009, Defendant Thoreson informed Plaintiffs Miller and Schiffler that Internal Affairs ("IA") investigations had been initiated against them. The investigations were based on a complaint of "unprofessional conduct" brought by Officer Burk. Defendant Thoreson admitted to Miller that the Department knew the allegations were groundless; however, Thoreson stated that, because Miller and Schiffler had been "identified as the ringleaders" of the Union's activities, they would "just have to take it."

64. The IA investigation of Plaintiffs Schiffler and Miller was conducted over a seventeen-month period. During much of that time, Schiffler and Miller were removed from their normal work assignments in the main jail. Schiffler was assigned to work in the control room of the Sandy Mush Correctional Facility under working conditions that were unhealthy. The ventilation system was poor, the temperature controls fluctuated wildly from 60° to 100° Fahrenheit, and he did not have relief, adequate breaks, or adequate lunch periods. Despite Schiffler's complaints about these unhealthy working conditions being brought to the attention of command staff, Schiffler continued to be assigned to work in the Sandy Mush Control Room. In March 2011, Schiffler was hospitalized for chest pains brought on, at least in part, by his working conditions. On returning to work, Schiffler again was assigned to work in the Sandy Mush Control Room. On March 12, 2011, Schiffler was reassigned to work at the front desk.

65. After Schiffler and Miller complained to Defendants in January 2010 about Officer Burk having used the term "Nazis" in referring to them and other Union leaders, Defendants refused to investigate or otherwise act on Schiffler's and Miller's complaints about Burk's behavior.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

66. On or about March 30, 2010, the day after the Union requested the IA report and transcripts, Defendant Scott approached Officer Shambaugh with the Union's March 29 request letter in hand. Scott asked why Miller and Schiffler were seeking the transcripts, since the allegations ultimately were not sustained and the matter was finished. When Shambaugh remarked that the matter was between Miller, Schiffler, and the Union's attorney, Defendant Scott angrily threatened that Plaintiffs had "better quit poking the beehive or they're going to get stung."

67. On or around July 6, after Plaintiffs Schiffler and Miller reviewed the IA transcripts, Sergeant Bobrowski, who had been one of the investigating sergeants, disclosed that the nature and duration of the IA investigation had been influenced by "outside pressures" and had been calculated to conclude only after Officer Thoreson retired.

68. On or about July 9, 2010, having learned that Plaintiffs Miller and Schiffler had obtained the IA report, Defendant Jones summoned Plaintiffs Miller and Schiffler and interrogated them regarding the report. Defendant Jones demanded to know who had attended the meeting where the investigation report was received. Despite Miller clearly explaining that the report was reviewed during an official Union meeting with counsel to discuss Union business, Defendant Jones persisted. The questioning only concluded once Miller and Schiffler disclosed that they had not personally attended the meeting in question. Defendant Jones also ordered them to return the report. Understanding refusal of an order to carry a penalty of immediately disciplinary action up to and including termination, Miller and Schiffler returned their copy of the report the following day.

69. On September 20, 2010, two months after Plaintiff Schiffler filed a complaint with the DFEH, Defendants Pazin and Scott initiated another baseless IA investigation of Plaintiff Schiffler. On December 14, 2010, the Department notified Schiffler that the underlying allegations were not sustained.

70. On January 4, 2011, the day after PERB issued a complaint against the County based on MCSEA's charge, Defendants initiated a third baseless IA investigation of Plaintiff Schiffler. Again, the underlying allegations ultimately were not sustained.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

71. In early 2001, after learning that Plaintiff Navarro had obtained recall paperwork from the County Clerk, Defendant Pazin approached Navarro. Defendant Pazin told Navarro he would submit a budget favorable to MCSEA and its members persuade, if only Navarro would agree to hold off on any recall efforts and to "shut Jeff [Miller] up."

72. In the middle of July 2011, the month following the PERB hearing, Defendant Buttrey took over from Defendant Scott as Commander in charge of Corrections. On information and belief, Defendant Buttrey identified Plaintiffs Miller, Schiffler and Navarro as “troublemakers” and expressed an intention to remove them from positions of influence over other employees and/or terminate their employment altogether.

73. Approximately a week later, in the third week of July 2011, the County informed Plaintiff Schiffler he would be laid off effective July 31, 2011.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Retaliation for Exercise of Freedom of Association First Amendment to U.S. Constitution)**
**(On Behalf of All Plaintiffs against All Defendants)**

74. Plaintiffs hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

75. Under the First Amendment to the United States Constitution, Plaintiffs have the right to gather together and participate in the activities of the MCSEA, including, but not limited to, organizing and representing employees of the Merced County Sheriff’s Department in their employment relations with the County and the Department, privately meeting with fellow Union members to discuss Union business, privately consulting with counsel regarding Union business, determining criteria for membership-in-good-standing within the Union, revoking Union membership, communicating complaints and grievances to the County and the Sheriff’s Department, requesting from the County and the Department information relevant to the Union’s representation of its members, and filing complaints with the Public Employee Relations Board, without retaliation or threats of retaliation by the County or any department, subdivision, employee, or agent thereof.

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

76. By Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, Defendants have intended and attempted to hinder and discourage Plaintiffs from organizing, representing, and associating with fellow MCSEA members and from participating in and promoting the activities of the Union.

77. As such, Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, violated the rights of association guaranteed Plaintiffs by the First Amendment to the United States Constitution, which applies to state and local governments through the Due Process clause of the Fourteenth Amendment.

**SECOND CAUSE OF ACTION**
**(Retaliation for Exercise of Freedom of Association Art. I, Sec. 3 of California Constitution)**
**(On Behalf of All Plaintiffs against All Defendants)**

78. Plaintiffs hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

79. Under Article I, Sections 3 of the California Constitution, Plaintiffs have the right to gather together and participate in the activities of the MCSEA, including, but not limited to, organizing and representing employees of the Merced County Sheriff's Department in their employment relations with the County and the Department, privately meeting with fellow Union members to discuss Union business, privately consulting with counsel regarding Union business, determining criteria for membership-in-good-standing within the Union, revoking Union membership, communicating complaints and grievances to the County and the Sheriff's Department, requesting from the County and the Department information relevant to the Union's representation of its members, and filing complaints with the Public Employee Relations Board, without retaliation or threats of retaliation by the County or any department, subdivision, employee, or agent thereof.

80. By Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, Defendants have intended and attempted to hinder and discourage Plaintiffs from organizing, representing, and associating with fellow MCSEA members and from participating in and promoting the activities of the Union.

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

81. As such, Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, violated the rights of association guaranteed Plaintiffs by the California Constitution.

## THIRD CAUSE OF ACTION
**(Retaliation for Exercise of Freedom of Speech – First Amendment to U.S. Constitution)**
**(On Behalf of All Plaintiffs against All Defendants)**

82. Plaintiffs hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

83. Under the First Amendment to the United States Constitution, Plaintiffs exercised their rights to speak, write, or publish their opinions freely in the course of and in relation to the activities of the MCSEA, including, but not limited to, organizing and representing employees of the Merced County Sheriff's Department in their employment relations with the County and the Department, privately meeting with fellow Union members to discuss Union business, privately consulting with counsel regarding Union business, determining criteria for membership-in-good-standing within the Union, revoking Union membership, communicating complaints and grievances to the County and the Sheriff's Department, requesting from the County and the Department information relevant to the Union's representation of its members, and filing complaints with the Public Employee Relations Board.

84. By Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, Defendants intended and attempted to hinder and discourage Plaintiffs from the exercise of their rights to free speech without retaliation or threats of retaliation by the County or any department, subdivision, employee, or agent thereof.

85. As such, Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, have violated the rights of free speech guaranteed Plaintiffs by the First Amendment to the United States Constitution, which applies to state and local governments through the Due Process clause of the Fourteenth Amendment.

///

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

**FOURTH CAUSE OF ACTION**
**(Retaliation for Exercise of Freedom of Speech – Art. I, Sec. 2 of California Constitution)**
**(On Behalf of All Plaintiffs against All Defendants)**

86. Plaintiffs hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

87. Under Article I, Section 2 of the California Constitution, Plaintiffs exercised their rights to speak, write, or publish their opinions freely in the course of and in relation to the activities of the MCSEA, including, but not limited to, organizing and representing employees of the Merced County Sheriff's Department in their employment relations with the County and the Department, privately meeting with fellow Union members to discuss Union business, privately consulting with counsel regarding Union business, determining criteria for membership-in-good-standing within the Union, revoking Union membership, communicating complaints and grievances to the County and the Sheriff's Department, requesting from the County and the Department information relevant to the Union's representation of its members, and filing complaints with the Public Employee Relations Board.

88. By Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, Defendants intended and attempted to hinder and discourage Plaintiffs from the exercise of their rights to free speech without retaliation or threats of retaliation by the County or any department, subdivision, employee, or agent thereof.

89. As such, Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, have violated the rights of free speech guaranteed Plaintiffs by the California Constitution.

**FIFTH CAUSE OF ACTION**
**(Retaliation for Exercise of Right to Petition – First Amendment to U.S. Constitution)**
**(On Behalf of All Plaintiffs against All Defendants)**

90. Plaintiffs hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

91. Under the First Amendment to the United States Constitution, Plaintiffs exercised their rights to petition for redress of grievances as part of their MCSEA activities, including, but not limited to, communicating complaints and grievances directly to the County and the Sheriff's

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Department and filing complaints against the County with the Public Employee Relations Board, without retaliation or threats of retaliation by the County or any department, subdivision, employee, or agent thereof.

92. By Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, Defendants intended and attempted to hinder and discourage Plaintiffs from seeking and obtaining redress for grievances against the County and the Sheriff's Department.

93. As such, Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, violated the rights to petition guaranteed to Plaintiffs by the First Amendment to the United States Constitution, which applies to state and local governments through the Due Process clause of the Fourteenth Amendment.

## SIXTH CAUSE OF ACTION
**(Retaliation for Exercise of Right to Petition – Art. I, Sec. 3 of California Constitution)**
**(On Behalf of All Plaintiffs against All Defendants)**

94. Plaintiffs hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

95. Under Article I, Section 3 of the California Constitution, Plaintiffs exercised their rights to petition for redress of grievances as part of their MCSEA activities, including, but not limited to, communicating complaints and grievances directly to the County and the Sheriff's Department and filing complaints against the County with the Public Employee Relations Board, without retaliation or threats of retaliation by the County or any department, subdivision, employee, or agent thereof.

96. By Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, Defendants intended and attempted to hinder and discourage Plaintiffs from seeking and obtaining redress for grievances against the County and the Sheriff's Department.

97. As such, Defendants' harassing and retaliatory polices, practices, and/or actions against the Plaintiffs, as alleged herein, have violated the rights to petition guaranteed to Plaintiffs by the California Constitution.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against the defendants and that the court:

1. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter and claims in controversy in order that such declarations shall have the force and effect of a final judgment and that the Court retain jurisdiction of this matter for the purpose of enforcing the Court's Orders;

2. Pursuant to 28 U.S.C. § 2201, declare that the Defendants' policies and practices, as alleged above, violate the First and Fourteenth Amendments to the United States Constitution and Article 1 of the California Constitution;

3. Pursuant to 28 U.S.C. § 2202, 42 U.S.C. § 1983, and F.R.C.P. Rule 65, preliminarily and permanently enjoin the Defendants from enforcing their unconstitutional policies and practices against Plaintiffs and others similarly situated;

4. Pursuant to 42 U.S.C. § 1988 and other applicable law, award Plaintiffs their costs and expenses incurred in bringing this action, including reasonable attorneys' fees;

5. Award Plaintiffs Thomas Schiffler, Jeffrey Miller, Christopher Navarro, and Frank J. Melo compensatory and punitive damages for the injuries suffered in violation of federal and state law in an amount to be determined by a jury; and

6. Grant such other and further relief as the court deems equitable and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

Dated: July 20, 2012

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: */s/ Sarah Wright-Schreiberg*
SARAH WRIGHT-SCHREIBERG
Attorneys for Plaintiffs

131412/676516

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

19

COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No.